IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 24-cv-03421-PAB-KAS

KING SUTTON CAVALIER, and
BILLIE CAVALIER,

    Plaintiffs,

v.

STATE FARM FIRE AND CASUALTY COMPANY,

    Defendant.

## ORDER

This matter comes before the Court on Defendant's Motion to Dismiss Plaintiffs' Second and Third Claims for Relief [Docket No. 16]. In the motion, defendant State Farm Fire and Casualty Company ("State Farm") seeks to dismiss two of plaintiffs' claims pursuant to Federal Rule of Civil Procedure 12(b)(6). Docket No. 16 at 1. Plaintiffs King Sutton Cavalier and Billie Cavalier[1] filed a response. Docket No. 17. State Farm filed a reply. Docket No. 24. The Court has jurisdiction pursuant to 28 U.S.C. § 1332.

---

[1] The complaint curiously defines plaintiffs King Sutton Cavalier and Billie Cavalier collectively as "plaintiff." *See* Docket No. 4 at 1 ("Comes now, Plaintiffs, King Sutton Cavalier, hereinafter referred to collectively as 'Plaintiff.'"). The complaint then uses the term "plaintiff" throughout its allegations. *See, e.g., id.* at 2, ¶ 4. The Court will use the term "plaintiffs" throughout this order to refer to both King Sutton Cavalier and Billie Cavalier.

## I. BACKGROUND[2]

At all times relevant to this case, plaintiffs owned property located at 1260 Sage Road, Elizabeth, Colorado 80107 (the "property"). Docket No. 4 at 1, ¶ 1. On or about May 10, 2023, a severe hail-related event caused substantial damage to the property. *Id.* at 2, ¶ 9. At that time, the property was covered by a residential insurance policy that plaintiffs had purchased from State Farm. *Id.*, ¶ 8. The property's damage from the hail-related event constituted a covered loss under the policy issued by State Farm. *Id.*, ¶ 9. Plaintiffs opened a claim, and State Farm assigned an adjustor to adjust the claim. *Id.* at 2-3, ¶ 11.

State Farm conducted an inspection of the property. *Id.* at 3, ¶ 12. According to the complaint, State Farm made "numerous errors in estimating the value of Plaintiff's claim, as exhibited by its assigned adjuster's method of investigation and estimation of Plaintiff's loss, all of which were designed to intentionally minimize and underpay the loss incurred by Plaintiff." *Id.* State Farm, "independently and through its assigned adjusters, intentionally and knowingly conducted a substandard investigation of the Property. This is evidenced by Defendant's estimates, which still – to date – fail to include all necessary items Plaintiff is entitled to under the Policy to restore the Property to its pre-loss condition." *Id.*, ¶ 13. "Defendant's estimates did not allow for adequate funds to cover the cost of repairs and therefore grossly undervalued all damage sustained to the Property." *Id.*, ¶ 15. Due to State Farm's failure to adequately cover the claim, plaintiffs have not been able to complete the necessary repairs to restore the

---

[2] The facts below are taken from plaintiffs' complaint, Docket No. 4, and are presumed to be true, unless otherwise noted, for purposes of ruling on defendant's motion to dismiss.

2

property to its pre-loss condition.  *Id.*, ¶ 16.  Plaintiffs allege that State Farm's denial of benefits was based on:

> [A]mong other things, an unreasonable determination that the Property's roofing system revealed no signs of wind or hail damage, when, in fact, significant hail damage did occur.  Defendant's determination was in turn based on its unreasonable reliance on its assigned adjuster(s)' investigations, which contained flawed methodology and an improper standard for what constitutes "damage" to the roofing system.

*Id.* at 5-6, ¶ 43.

## II.  LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must allege enough factual matter that, taken as true, makes the plaintiff's "claim to relief . . . plausible on its face."  *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "The 'plausibility' standard requires that relief must plausibly follow from the facts alleged, not that the facts themselves be plausible."  *RE/MAX, LLC v. Quicken Loans Inc.*, 295 F. Supp. 3d 1163, 1168 (D. Colo. 2018) (citing *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008)).  Generally, "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'"  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555) (alterations omitted).  A court, however, does not need to accept conclusory allegations.  *See, e.g.*, *Hackford v. Babbit*, 14 F.3d 1457, 1465 (10th Cir. 1994) ("we are not bound by conclusory allegations, unwarranted inferences, or legal conclusions").

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that

3

the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quotations and alterations omitted); *see also Khalik*, 671 F.3d at 1190 ("A plaintiff must nudge [his] claims across the line from conceivable to plausible in order to survive a motion to dismiss." (quoting *Twombly*, 550 U.S. at 570)). If a complaint's allegations are "so general that they encompass a wide swath of conduct, much of it innocent," then plaintiff has not stated a plausible claim. *Khalik*, 671 F.3d at 1191 (quotations omitted). Thus, even though modern rules of pleading are somewhat forgiving, "a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Bryson*, 534 F.3d at 1286 (alterations omitted).

## III. ANALYSIS

Plaintiffs bring three claims for relief: 1) breach of contract, 2) statutory bad faith, and 3) common law bad faith. Docket No. 4 at 4-6, ¶¶ 23-45. State Farm moves to dismiss both of the bad faith claims pursuant to Federal Rule of Civil Procedure 12(b)(6). Docket No. 16 at 1.

### A. Statutory Bad Faith

Section 10-3-1115 of the Colorado Revised Statutes provides that "[a] person engaged in the business of insurance shall not unreasonably delay or deny payment of a claim for benefits owed to or on behalf of any first-party claimant." Colo. Rev. Stat. § 10-3-1115(1)(a). To state a claim for statutory bad faith, a plaintiff must allege that: (1) benefits were owed under the policy; and (2) the defendant unreasonably delayed or denied payment of plaintiff's claim. *See* Colo. Rev. Stat. § 10-3-1115; *Edge Construction, LLC v. Owners Ins. Co.*, No. 14-cv-00912-MJW, 2015 WL 4035567, at *6 (D. Colo. June 29, 2015). Although plaintiffs' complaint alleges both elements, *see,*

4

*e.g.*, Docket No. 4 at 3, ¶¶ 12-13, 15-16, the question is whether plaintiffs have alleged enough factual matter that, taken as true, makes the claim plausible. *See Khalik*, 671 F.3d at 1190.

State Farm argues that plaintiffs' claim for statutory bad faith should be dismissed because plaintiffs have failed to plausibly allege that State Farm acted without a reasonable basis to deny the claim. Docket No. 16 at 5-8. State Farm asserts that the complaint does not identify what amount it is supposedly obligated to pay plaintiffs, what the "necessary items" were that State Farm did not cover, what damage to the roof State Farm did not account for, and what parts of State Farm's investigation were "flawed" or "improper." Plaintiffs respond, without citing to any allegations in the complaint, that they have provided "sufficiently detailed accounts of State Farm's Failure to properly investigate and adjust their claim" and that they have specifically pointed to an inadequate investigation and an underpayment of benefits as a basis for unreasonable conduct. Docket No. 17 at 7.

The Court agrees with State Farm that the complaint fails to state a statutory bad faith claim upon which relief can be granted. The complaint alleges that State Farm's "estimate(s) did not allow for adequate funds to cover the cost of repairs," Docket No. 4 at 3, ¶ 15, and that "Defendant's estimates . . . fail to include all necessary items Plaintiff is entitled to under the Policy." *Id.* at 3, ¶ 13. Although "specific facts" are not necessary, *Erickson*, 551 U.S. at 93, plaintiffs must allege "enough factual matter" to make their claims plausible. *Khalik*, 671 F.3d at 1190. Here, plaintiffs' statements about being owed more benefits and about "necessary items" not being included are conclusory and thus cannot support a claim for statutory bad faith. *See Carraway v.*

5

*State Farm Fire & Cas. Co.*, 2023 WL 5374393, at *6 (10th Cir. Aug. 22, 2023) (holding that an allegation that "[t]he coverage extended by Defendant for the Loss did not adequately address the hail damage to the Property, severely undervaluing the scope and cost of the Loss" was conclusory).  Plaintiffs do not allege facts identifying, even generally, what they are owed, what the supposedly "necessary items" are, or why plaintiffs are entitled to those items under the policy.  As such, these allegations do not plausibly state a basis for relief.  *See O'Rourke v. Geico Cas. Co.*, No. 21-cv-00200-RM-NYW, 2021 WL 5071840, at *8 (D. Colo. July 2, 2021), *report and recommendation adopted*, 2021 WL 7368174 (D. Colo. Dec. 8, 2021) ("[plaintiff alleges that defendant] failed to consider Plaintiff's full damages without a reasonable basis, but does not explain how [defendant] failed to consider Plaintiff's full damages.") (internal quotations omitted); *Foster v. State Farm Fire & Cas. Co.*, No. 22-cv-01221-PAB-JPO, 2024 WL 896757, at *5 (D. Colo. Mar. 1, 2024) ("[plaintiff alleges that defendant's] estimates were 'wholly insufficient to repair or replace the damaged Property.'  However, [plaintiff] does not allege that his policy required [defendant] to meet a particular standard for repair or replacement and, if so, how [defendant] failed to meet that standard.") (internal citation omitted); *Canady v. Nationwide Affinity Ins. Co. of Am.*, No. 19-cv-00344-RBJ, 2020 WL 376494, at *4 (D. Colo. Jan. 23, 2020) ("The conclusory allegation that replacement of the entire roof was required by codes or standards, without identifying those codes or standards, is not sufficient.").

The complaint alleges that "Defendant made numerous errors in estimating the value of Plaintiff's claim, as exhibited by its assigned adjuster's method of investigation and estimation of Plaintiff's loss," and that "Defendant . . . conducted a substandard

6

investigation of the Property." Docket No. 4 at 3, ¶¶ 12-13. Plaintiffs further allege that State Farm based the denial of the claim on an "unreasonable reliance" on an investigation that "contained flawed methodology and an improper standard for what constitutes 'damage' to the roofing system. *Id.* at 5-6, ¶ 43. The Court finds that these allegations, too, lack sufficient factual material to plausibly state a claim.

Conducting a substandard investigation may constitute unreasonable conduct on the part of an insurer. *See Greystoke Condo. Ass'n, Inc. v. Westfield Ins.* Co., No. 21-cv-03419-RM-SKC, 2022 WL 17547946, at *3 (D. Colo. Aug. 10, 2022) (finding allegations of an investigator's failure to account for damage to all the structures on the property and a failure to use up-to-date material costs were sufficient to allege unreasonable conduct). However, a plaintiff must provide factual allegations regarding the nature of the investigation, the ways in which the investigation was inappropriate, and explaining what a more thorough investigation would have identified. *See Picard v. State Farm Mut. Auto. Ins. Co.*, No. 22-cv-0795-WJM-KAS, 2024 WL 2923947, at *6 (D. Colo. June 10, 2024) ("The list of evidence [plaintiff] cites does not explain how Defendant failed to investigate or what evidence it would have uncovered with further investigation; it merely underscores that the parties dispute the cause of [plaintiff's] purported injuries and whether she is owed . . . benefits."); *Vansky v. State Farm Auto. Ins. Co.*, No. 20-cv-01062-PAB-NRN, 2022 WL 900160, at *7 (D. Colo. Mar. 28, 2022); *O'Rourke v. Geico Cas. Co.*, 2021 WL 5071840, at *8. Without alleging such facts, the allegations are not plausible and are instead merely conclusory. *See O'Rourke*, 2021 WL 5071840, at *8. Here, plaintiffs have not alleged any facts regarding the "numerous errors" supposedly made by State Farm, Docket No. 4 at 3, ¶ 12, or regarding the

7

adjustor's "flawed" and "improper" adjustor's methodology. *Id.* at 5-6, ¶ 43. Plaintiffs also have not alleged what conditions further investigation could or would have uncovered. Instead, plaintiffs provide only the assertion that State Farm found there were "no signs of wind or hail damage," when there was, in fact, "significant hail damage." *Id.* Plaintiffs do not, however, make any allegations regarding why State Farm believed that there was no damage or why plaintiffs believe there was hail damage to the roof. *See O'Rourke*, 2021 WL 5071840, at *8. The Court thus finds that plaintiffs have failed to allege sufficient facts to support a statutory bad faith claim against State Farm.[3]

As plaintiffs have failed to allege that State Farm owed benefits under the policy and that State Farm acted unreasonably in denying benefits, the Court will grant State Farm's motion to dismiss the statutory bad faith claim.

### B. Common Law Bad Faith

Under Colorado common law, an insurer has a duty "to deal in good faith with an insured." *Decker v. Browning-Ferris Indus. of Colo.*, 931 P.2d 436, 443 (Colo. 1997) (citing *Farmers Grp., Inc. v. Trimble*, 691 P.2d 1138, 1141-42 (Colo. 1984)). "The requirements of a common law bad faith claim under Colorado law are heightened in comparison to those of a statutory bad faith claim." *Gardner v. State Farm Mut. Auto. Ins. Co.*, 639 F. Supp. 3d 1158, 1163 (D. Colo. 2022) (citation omitted). "In addition to

---

[3] To the extent that plaintiffs' complaint includes other allegations regarding the supposed unreasonableness of State Farm's actions, *see* Docket No. 4 at 3, 5, ¶¶ 14, 35, 37, 42, the Court finds those allegations to be "boilerplate" allegations applicable to any insurance contract claim and "devoid of any specific factual information." *See Foster*, 2024 WL 896757, at *6 (citations omitted). The Court therefore finds these allegations insufficient to plausibly allege a statutory bad faith claim.

8

demonstrating that the insurer delayed or denied the payment of benefits without a reasonable basis, a common law insurance bad faith claim requires the insured to prove that the insurer knowingly or recklessly disregarded the validity of the insured's claim." *Id.* (citation, quotation, and alterations omitted); *Ryals v. Am. Family Ins. Co., S.I.,* No. 20-cv-002736-NYW, 2021 WL 848195, at *6 (D. Colo. Mar. 5, 2021) (elements of a common law bad faith claim include "that (1) the insurer's conduct was unreasonable, and (2) the insurer either had knowledge of or reckless disregard for the fact that its conduct was unreasonable" (citation omitted)).

The Court finds that plaintiffs have failed to plausibly allege their common law bad faith claim. First, for the reasons discussed above, the Court finds that plaintiffs have not sufficiently alleged that State Farm's conduct was unreasonable. Since an unreasonable denial of benefits is a common element of both plaintiffs' statutory and common law bad faith claims, *Gardner*, 639 F. Supp. 3d at 1163, the Court finds that plaintiffs have not stated a claim for common law bad faith. Second, the Court finds that plaintiffs' complaint does not make any factual allegations that State Farm knowingly or recklessly disregarded the validity of plaintiffs' claim. Instead, the Court finds that the complaint does no more than add the phrase "intentionally and knowingly" to two allegations that the Court has already found to be conclusory. *See* Docket No. 4 at 3, ¶¶ 13, 15. The Court will therefore grant State Farm's motion to dismiss plaintiffs' third claim.

### C. Leave to Amend Complaint

Plaintiffs request that, if the Court grants State Farm's motion to dismiss, they be granted leave to amend their complaint and cure any deficiencies. Docket No. 17 at 9. "Merely suggesting [a plaintiff] should be allowed to amend if the judge concludes [the

9

plaintiff's] pleadings are deficient is insufficient" for a plaintiff to be entitled to amend a complaint. *Requena v. Roberts*, 893 F.3d 1195, 1204 n.3 (10th Cir. 2018) (internal quotations omitted) (quoting *Garman v. Campbell Cnty. Sch. Dist. No. 1*, 630 F.3d 977, 986 (10th Cir. 2010)); *see also* D.C.COLO.LCivR 7.1(d) (a "motion shall be filed as a separate document"). Plaintiffs must, instead, "file[] a written motion for leave to amend, giving adequate notice of the basis of the proposed amendment," *Requena*, 893 F.3d at 1204 n.3 (citation omitted), and must attach to their motion a copy of the proposed amended pleading. D.C.COLO.LCivR 15.1(b).

## IV. CONCLUSION

It is therefore

**ORDERED** that Defendant's Motion to Dismiss Plaintiffs' Second and Third Claims for Relief [Docket No. 16] is **GRANTED**. It is further

**ORDERED** that claims 2 and 3 of plaintiffs' complaint, Docket No. 4, are **DISMISSED without prejudice**. It is further

**ORDERED** that plaintiffs may file a motion for leave to file an amended complaint regarding their bad faith claims on or before **October 17, 2025**.

DATED September 17, 2025.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge